United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELMA OZER, | No. C-08-5573 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; REMANDING ACTION** |
| v. | |
| FRANZ ZENZ, et al., | |
| Defendants. | |

Before the Court is plaintiff Selma Ozer's motion to remand, filed May 15, 2009, by which plaintiff seeks an order remanding the instant action to state court and an award of attorney's fees and costs. Defendants Fluor Corporation, Fluor International, Inc., and Fluor Intercontinental, Inc. (collectively, "Fluor Defendants") have filed opposition, to which plaintiff has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for June 19, 2009, and rules as follows.

**DISCUSSION**

**A.     Subject Matter Jurisdiction**

In the instant action, plaintiff alleges six causes of action based on negligence, and a seventh cause of action for punitive damages, all of which causes of action arise out of the

---

[1] The remaining defendants, Franz Zenz, Tryco, Inc., and Tryco International, Inc. (collectively, "Tryco Defendants"), did not join in the removal and have not appeared before this Court.

death of plaintiff's husband in a helicopter crash in Afghanistan.  (See Notice of Removal Ex. A (First Amended Complaint ("FAC")).)  In their Notice of Removal, the Fluor Defendants contend plaintiff's claims are governed by federal law, on the asserted ground that plaintiff "sues for damages arising out of the performance of 'various United States Government Contracts' in the Republic of Afghanistan."  (See Notice of Removal ¶ 5 (quoting FAC ¶ 7).)[2]

In support of their opposition to the instant motion, the Fluor Defendants rely on American Pipe & Steel Corp. v. Firestone Tire & Rubber Co., 292 F.2d 640 (9th Cir. 1961), in which the Ninth Circuit, in applying federal common law to a breach of contract claim brought by a subcontractor against a prime contractor that manufactured missiles for the military, held "the construction of subcontracts, let under prime contracts connected with the national security, should be regulated by a uniform federal law," see id. at 644.  The Fluor Defendants further rely on New SD, Inc. v. Rockwell Int'l Corp., 79 F.3d 953 (9th Cir. 1996), in which the Ninth Circuit, relying on American Pipe, affirmed the denial of a motion to remand in an action alleging the "breach of a subcontract" under a "prime contract with the Air Force for development of military hardware," see id. at 954; see also id. at 955 (noting outcome in American Pipe not possible "unless on government contract matters having to do with national security, state law is totally displaced by federal common law").

Both American Pipe and New SD, however, concerned disputes "between a prime government contractor and its subcontractor over performance of what [the Ninth Circuit] characterized in American Pipe as a 'government contract.'"  See New SD, 79 F.3d at 955; see also American Pipe, 292 F.2d at 642.  The instant action, by contrast, is based exclusively on tort claims brought by and on behalf of individuals who were not parties to any such government contract.

The Fluor Defendants argue that plaintiff's FAC nonetheless is "replete with allegations that [ ] defendants breached duties she claims were owed under [ ] government

---

[2]The Fluor Defendants do not assert the instant action is subject to removal on the basis of diversity of citizenship.

2

1  contracts . . . which strongly implicate national security interests" (see Opp'n at 1:21-23),
2  specifically, a contract described by plaintiff as the "Tryco/Fluor Contract," by which the
3  Tryco Defendants agreed to provide "helicopter services" to the Fluor Defendants "in
4  connection with [the Fluor Defendants'] contract with the United States Army Corps of
5  Engineers to build a new base for the new Afghanistan Army in Khost" (see FAC ¶ 16).
6  The Fluor Defendants argue that "The Tryco/Fluor Contract is the primary, if not exclusive,
7  source of the duties [plaintiff] reckons Fluor owed to [plaintiff's husband]." (See Opp'n at
8  5:9-11.) The Court disagrees.

9    Although plaintiff alleges the Fluor Defendants had a duty "to exercise reasonable
10 care and diligence in the exercise of their contractual duties" (see FAC ¶ 31), that
11 allegation, contrary to the Fluor Defendants' argument, does not demonstrate plaintiff's
12 claims arise from an alleged breach of the Tryco/Fluor Contract, or that it would be
13 necessary to interpret such contract to resolve her claims. Rather, the duties plaintiff
14 describes are duties owed to a typical passenger, irrespective and independent of any
15 contract existing between the Fluor Defendants and a third party, specifically, the duties to
16 provide "safe air services" and to retain a "competent and careful" supplier of those
17 services. (See FAC ¶¶ 32, 51.) Similarly, the breaches alleged, specifically, negligent
18 operation of the helicopter by flying "without due care" into bad weather and at high speed,
19 and negligent failure "to conduct any due diligence" prior to the hiring of the Tryco
20 Defendants (see FAC ¶¶ 34, 52), are by their nature independent of any such contract.

21   Lastly, the Fluor Defendants argue there is no relationship between California and
22 either the facts of the accident at issue or plaintiff herself, and, consequently, plaintiff is not
23 entitled to invoke California law herein. The Fluor Defendants have cited no authority,
24 however, suggesting the instant action is, as a consequence, governed by federal law.

25   Accordingly, to the extent plaintiff seeks an order remanding the above-titled action
26 to state court, plaintiff's motion will be granted.

27 //
28 //

**B.     Attorney's Fees and Costs**

Plaintiff argues she is entitled to an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). See 28 U.S.C. § 1447(c) (providing "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). Plaintiff has failed to show, however, that the Fluor Defendants did not have an "objectively reasonable" basis for seeking removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (holding "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal").

Accordingly, plaintiff's request for attorney's fees and costs will be denied.

## CONCLUSION

For the reasons stated above:

1. To the extent plaintiff seeks an order remanding the above-titled action to state court, plaintiff's motion is hereby GRANTED, and the action is hereby REMANDED to the Superior Court of the State of California in and for the County of San Francisco.

2. To the extent plaintiff seeks an award of attorney's fees and costs incurred as a result of the Fluor Defendants' removal of the action to district court, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 17, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4